**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

| | | |
|---|---|---|
| **JIMMY LYKINS,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 5:08-1165** |
| | ) | |
| **SHAWN MARLER, Warden,** | ) | |
| | ) | |
| **Respondent.** | ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

On October 9, 2008, Petitioner, acting *pro se*,[1] filed an Application Under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in State or Federal Custody. (Document No. 3.) Petitioner challenges the BOP's computation of his sentence and his receipt of prior custody credit. (Id.) Specifically, Petitioner contends that he is entitled to credit for time spent in custody beginning on March 4, 2004 (date of transfer to federal custody pursuant to federal writ), and ending on October 22, 2004 (day of imposition of federal sentence). (Id., p. 14.) Petitioner explains that he was arraigned by federal authorities on March 8, 2004, while he was incarcerated on State charges. (Id.) Petitioner's federal sentence was imposed on October 22, 2004.[2] (Id.) Specifically, the Eastern

---

[1] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

[2] On April 23, 2004, Petitioner pled guilty in the United States District Court for the Eastern District of Kentucky to one count of Conspiracy to Manufacture and Distribute Methamphetamine, in violation of 21 U.S.C. § 846. *United States v. Lykins*, Criminal No. 2:04-0006 (E.D.Ky. Oct. 22, 2004), Document Nos. 75 - 76. On October 22, 2004, the District Court sentenced Petitioner to a "60-month term of imprisonment: 30 months to run concurrently with any undischarged state sentences in Kenton Circuit Court Case 03-cr-0050, Grant Circuit Court Case 02-cr-0144, and Grant Circuit Court Case 03-cr-0095, and 30 months consecutive to the undischarged terms of imprisonment." *Id.*, Document Nos. 124 - 125. The District Court further imposed a five-year term

District of Kentucky imposed a 60 month term of imprisonment to be served as follows: "30 months concurrently with any undischarged state sentences; and those are the Kenton County, Kentucky, Circuit Court, Case No. 03-cr-50; Grant County, Kentucky, Circuit Court, Case No. 02-cr-144; and Grant County, Kentucky, Circuit Court, Case No. 03-cr-95; and 30 months consecutive to the undischarged terms of imprisonment, for a total sentence of 60 months." (Id., pp. 15 and 25.) Petitioner contends that he "is entitled to be credited for every day spend in State" custody. (Id., p. 22.) Petitioner, therefore, requests "that he be credited with eight (8) months spent in federal pre-trial detention at the Grant County Detention Center awaiting federal sentencing."[3] (Id.) As an Exhibit, Petitioner attaches a copy of certain pages of his sentencing hearing transcripts. (Id., pp. 24 - 35.)

**ANALYSIS**

The undersigned finds that Petitioner's Section 2241 Application must be dismissed as moot. Article III, Section 2 of the United States Constitution provides that federal Courts may adjudicate only live cases or controversies. See Lewis v. Continental Bank Corp., 494 U.S. 472, 477, 110 S.Ct. 1249, 1253, 108 L.Ed.2d 400 (1990); Nakell v. Attorney General of North Carolina, 15 F.3d 319, 322 (4th Cir.), cert. denied, 513 U.S. 866, 115 S.Ct. 184, 130 L.Ed.2d 118 (1994). This means that the "litigant must have suffered, or be threatened with, an actual injury traceable to the defendant

of supervised release. *Id.* On February 13, 2006, Petitioner filed a "Motion for Federal Sentence to be Run Concurrent with State Sentence." *Id.*, Document No. 161. By Order entered on February 28, 2006, the District Court denied Petitioner's Motion. *Id.*, Document No. 62.

[3] The United States Supreme Court has held that under Section 3585(b), "Congress made clear that a defendant could not receive double credit for his detention time." *United States v. Wilson*, 503 U.S. 329, 337, 112 S.Ct. 1351, 1355-56, 117 L.Ed.2d 593 (1992); *also see United States v. Mojabi*, 161 F.Supp.2d 33, 36 (D.Mass. 2001)(holding that "[s]ection 3885(b) prohibits 'double credit,' i.e. awarding credit for presentence time served against one sentence if that time has already been credited against another sentence").

and likely to be redressed by a favorable judicial decision." Id. In the context of a *habeas corpus* proceeding, the writ "does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 494-95, 93 S.Ct. 1123, 1129, 35 L.Ed.2d 443 (1973). In this case, by virtue of Petitioner's release from custody, the Respondent can no longer provide the requested relief. Consequently, the Court can no longer consider Petitioner's Application under Section 2241.

> An incarcerated convict's (or a parolee's) challenge to the validity of his conviction always satisfies the case-or-controversy requirement, because the incarceration (or the restriction imposed by the terms of the parole) constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction. Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole - - some "collateral consequence" of the conviction – must exist if the suit is to be maintained.

Spencer v. Kemna, 523 U.S. 1, 7, 118 S.Ct. 978, 983, 140 L.Ed.2d 43 (1998). Accordingly, Petitioner's claims are rendered moot by virtue of his release from custody and the absence of collateral consequences,[4] and therefore, his Section 2241 Application must be dismissed.[5] See e.g.,

---

[4] The undersigned notes that Petitioner was released from custody on August 5, 2009, and his term of supervised release subsequently commenced. Even if the BOP improperly calculated Petitioner's sentence, "[t]he objectives of supervised release would be unfulfilled if excess prison time were to offset and reduce terms of supervised release." *United States v. Johnson*, 529 U.S. 53, 59, 120 S.Ct. 1114, 1118, 146 L.Ed.2d 39 (2000). Accordingly, assuming that Petitioner is correct and he actually did serve more time in custody than he should have, there would be no collateral consequence as he serves his term of supervised release under 18 U.S.C. § 3624. Petitioner's term of supervised release cannot be reduced.

[5] Notwithstanding the determination above that Petitioner's claims are moot, the undersigned finds his claims to be without merit. Title 18 U.S.C. § 3585(a) governs the date a federal sentence commences. Section 3585(a) provides as follows: "A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." A federal sentence, however, cannot commence prior to the date it is pronounced even if made concurrent with a sentence already being served. *Miramontes v. Driver*, 243 Fed.Appx. 855 (5th Cir. 2007)(finding that "defendant was not entitled to credit against subsequently imposed sentence for time served which had previously been credited against first-imposed sentence, despite

Alston v. Adams, 178 Fed.Appx. 295, 2006 WL 1194751 (C.A.4 (Va.)); Alvarez v. Conley, 145 Fed.Appx. 428, 2005 WL 2500659 (C.A.4 (W.Va.); Smithhart v. Gutierrez, 2007 WL 2897942 (N.D.W.Va.).

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DENY** Petitioner's Application to Proceed *in Forma Pauperis* (Document No. 1.), **DISMISS** Petitioner's Petition for Writ of *Habeas Corpus* by a Person in Federal Custody under 28 U.S.C. § 2241(Document No. 3.) and **REMOVE** this matter from the Court's docket.

The Petitioner is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the Petitioner shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this

---

second sentencing court's order that sentences at issue be served concurrently"); *Coloma v. Holder*, 445 F.3d 1282 (11th Cir. 2006)(finding that petitioner's sentence on second conviction that was ordered to run concurrently with his sentence on related first conviction, was not retroactive to the beginning of the first sentence); *United States v. LaBeilla-Soto*, 163 F.3d 93, 98 (2nd Cir. 1998)(finding that "the district court had no authority to grant defendant sentencing credit for time he spent in federal custody before sentencing"); *United States v. Flores*, 616 F.2d 840, 841 (5th Cir. 1980)(stating that a federal sentence "cannot commence prior to the date it is pronounced, even if made concurrent with a sentence already being served"); *Shelvy v. Whitfield*, 718 F.2d 441, 444 (D.C.Cir. 1983)(stating that "a federal sentence made concurrent with a sentence already being served does not operate in a 'fully concurrent' manner. Rather, the second sentence runs together with the remainder of the one then being served."). Although the District Court ordered that 30 months of Petitioner's federal sentence was to run concurrently with his state sentence, Petitioner's sentences may not run fully concurrently. Therefore, the undersigned finds that Petitioner's federal sentence could not commence prior to the date of its imposition on October 22, 2004.

Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Berger, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*.

ENTER: January 12, 2012.

R. Clarke VanDervort
United States Magistrate Judge